Filed 7/15/26  P. v. Prout CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

THE PEOPLE,

      Plaintiff and Respondent,

      v.

NICHOLAS RAYMOND PROUT,

      Defendant and Appellant.

C102586

(Super. Ct. No. CRF23-03014)

A jury convicted defendant Nicholas Raymond Prout of two counts of vandalism (Pen. Code, § 594) as alleged in counts 1 and 2, being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)) (statutory section references that follow are to the Health and Safety Code unless otherwise stated) as alleged in count 3, and possession of a smoking device (§ 11364, subd. (a)) as alleged in count 4.

On appeal, defendant claims there is insufficient evidence that he possessed a smoking device and that the trial court incorrectly instructed the jury that "regular straws" could be used as a smoking device.  Defendant also requests remand for resentencing because the trial court erroneously imposed a one-year sentence for count 3 and because the trial court failed to apply Penal Code section 654 to counts 3 and 4.  Defendant also contends that the trial court's order that he pay his medical costs or medical fees while incarcerated is unauthorized.

1

We conclude that the trial court erred in imposing a one-year sentence for count 3 and will remand for a full resentencing. On remand, the trial court is instructed to clarify its order for defendant to pay his medical costs or fees in prison in accordance with this opinion. The judgment is otherwise affirmed.

FACTS AND HISTORY OF THE PROCEEDINGS

On November 3, 2023, Marysville Police Department Sergeant Ryan Souza was on patrol when he was called out to an area near a law office and church. Defendant was in between the two buildings near a courtyard when Sergeant Souza arrived. A rosebush had been ripped out and scattered around the area. An irrigation line had also been pulled out of the ground, and the area was flooded with water. Sergeant Souza told defendant, "you're ripping [out] people's bushes," to which defendant replied, "If I did, it's my bush, that's why I tore the rosebushes out."

Sergeant Souza was on patrol again a few weeks later when he noticed some people loitering outside of the Mary Aaron Museum. The museum alarm was going off, and Sergeant Souza saw defendant rip the electrical meter from the wall near the back of the building. French doors and a fence had also been damaged. Defendant believed the museum was his house.

Defendant's pupils were dilated and his heartrate felt "significantly fast." He was also agitated and animated. Sergeant Souza opined that defendant was under the influence of a "CNS stimulant."

Sergeant Souza searched defendant and found a broken piece of a methamphetamine pipe and straws inside of a bag tied to his waist. The pipe piece had burned residue and "white foam" inside, which led Sergeant Souza to believe the substance was methamphetamine. The straws also had burnt white residue on them. Although the pipe was broken, Sergeant Souza said it was possible to use it to ingest drugs. Asked how the straws were used to ingest methamphetamine, Sergeant Souza

2

explained the user "can burn it on an object and boil and use the straw to push against it to inhale it as a makeshift pipe."

A jury found defendant guilty of two counts of vandalism (Pen. Code, § 594) as alleged in counts 1 and 2, being under the influence of a controlled substance (§ 11550, subd. (a)) as alleged in count 3, and possession of a smoking device (§ 11364, subd. (a)) as alleged in count 4.

In a bifurcated trial, the jury found true that defendant had previously been convicted of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)).  The jury also found true four aggravating factors under California Rules of Court, rule 4.421(b)(2), (3), (4), and (5).

Defendant was sentenced to an aggregate determinate sentence of five years, four months comprised of four years (middle term of two years doubled for the prior strike) for vandalism as alleged in count 1 (Pen. Code, §§ 667, subd. (e)(1), 1170, subd. (h)); 16 months (one-third the middle term doubled for the strike prior) for vandalism as alleged in count 2 (Pen. Code, § 667, subd. (e)(1)), and 12 months each for being under the influence of a controlled substance and for possession of a smoking device as alleged in counts 3 and 4 those sentences to be run concurrently to each other and concurrently to the sentences assessed under counts 1 and 2.

As relevant here, defendant was also ordered to pay "medical costs or medical fees while incarcerated."

Defendant appeals.

## DISCUSSION

### I

### *Possession of a Smoking Device*

Defendant raises two issues related to his conviction for possessing a smoking device.  (§ 11364, subd. (a).)  First, he argues that insufficient evidence supports the

conviction because there was neither evidence to establish that the broken pipe could be used to smoke a controlled substance nor evidence that the "regular" straws he had were used as smoking devices. According to defendant, Sergeant Souza's testimony that it was "possible" to use the broken pipe to smoke methamphetamine was merely a "supposition" and therefore not enough to establish the illegal nature of the broken pipe.

Defendant also claims that there is a lack of evidence that his straws were actually used to smoke methamphetamine and, in any event, the "regular straws" he had are neither designed nor marketed for illegal use, which is required to meet the definition of "drug paraphernalia" in section 11014.5, subdivision (a).

Section 11364, subdivision (a) criminalizes the possession of "any device, contrivance, instrument, or paraphernalia used for unlawfully injecting or smoking" a controlled substance.

This court's role in reviewing a challenge to the sufficiency of evidence is limited. (*People v. Smith* (2005) 37 Cal.4th 733, 738.) When considering a claim of insufficient evidence, we examine the entire record to assess whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) Thus, "we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. [Citation.] 'Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.] We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. [Citation.]' [Citation.] A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support" ' the jury's verdict. [Citation.]" (*Ibid.*)

4

Here, defendant had a broken methamphetamine pipe and straws in his bag. There was burnt white reside on the pipe and the straws. Although the pipe was broken, Sergeant Souza confirmed it was possible to smoke from it. He also explained that straws can be used as a "makeshift" pipe.

Based on this evidence, a rational trier of fact could find that either the broken pipe, the straws, or both were a "device, contrivance, instrument, or paraphernalia used for unlawfully injecting or smoking … a controlled substance." (§ 11364, subd. (a).)

*II*

*Instructions*

Second, defendant contends that the jury was erroneously instructed with CALCRIM No. 2410, which sets forth the elements of possession of a smoking device. Reprising his argument that straws are not drug paraphernalia as defined by section 11364, subdivision (a), defendant concludes that CALCRIM No. 2410 incorrectly instructed the jury that it could find him guilty of possessing a smoking device by having "regular straws." To support his position, defendant focuses on the definition under section 11014.5, subdivision (a), which defines "drug paraphernalia" as "all equipment, products, and materials of any kind that are designed for use or marketed for use, in … injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance…." Because the "regular straws" found on defendant are not marketed and designed for these purposes, defendant concludes that they do not meet the definition of drug paraphernalia, and as such, its inclusion in the jury instruction was erroneous. We disagree.

The definition of "drug paraphernalia" in section 11014.5, subdivision (a), is not relevant to the question of whether "regular straws" meet the definition of a smoking device in section 11364, subdivision (a). Indeed, section 11364, subdivision (a) criminalizes the possession of "*any* … paraphernalia" used for unlawfully injecting or

5

smoking a controlled substance.  (Italics added.)  Section 11364, subdivision (a), neither mentions *drug* paraphernalia nor does it reference section 11014.5, subdivision (a).  As such, section 11014.5, subdivision (a) is not applicable.

In any event, the jury instruction was proper.  The jury was instructed using CALCRIM No. 2410 as follows:

"The defendant is charged in Count 4 with possessing an object that can be used to unlawfully inject or smoke a controlled substance in violation of Health and Safety Code section 11364.

"To prove that the defendant is guilty of this crime, the People must prove that:

"1. The defendant unlawfully possessed an object used for unlawfully injecting or smoking a controlled substance;

"2. The defendant knew of the object's presence;

"AND

"3. The defendant knew it to be an object used for unlawfully injecting or smoking a controlled substance.

"A person does not have to actually hold or touch something to possess it.  It is enough if the person has control over it or the right to control it, either personally or through another person.

"The People allege that the defendant possessed the following items: methamphetamine pipe and straws.  You may not find the defendant guilty unless you all agree that the People have proved that the defendant possessed at least one of these items and you all agree on which item he possessed."

The court properly instructed the jury that the People *had alleged* defendant had violated the statute in two ways; by possessing a pipe and possessing straws used to ingest methamphetamine.  The instruction made it clear that which the jury had to find to satisfy the elements of the crime as to each of the items.  The final paragraph of the instruction did nothing more than tell the jury that, as to the two items alleged, they had

6

to find that at least one satisfied the elements of the crime that the court had just set forth and that the jury had to agree which item or items violated the statute, this latter portion of the instruction given in order to avoid a claim of lack of unanimity regarding the jury's verdict.

There was no error.

*III*

*Sentencing Issues*

Defendant contends that the trial court erroneously imposed a one-year sentence for possessing a smoking device in count 4 and that the trial court should have applied section 654 to the sentences for counts 3 and 4. As we shall explain, remand for resentencing is required.

Section 11374 provides that, "[e]very person who violates or fails to comply with any provision of this division, except one for which a penalty is otherwise in this division specifically provided, is guilty of a misdemeanor punishable by a fine in a sum not less than thirty dollars ($30) nor more than five hundred dollars ($500), or by imprisonment for *not less than 15 nor more than 180 days*." (Italics added.) Section 11364 does not specify a punishment for possession of a smoking device. Therefore, section 11374 applies to defendant's sentence for count 4.

Consequently, the one-year sentence imposed by the trial court for possessing a smoking device in count 4 is unauthorized. (*People v. Anderson* (2010) 50 Cal.4th 19, 26 [a sentence is generally unauthorized when it cannot be lawfully imposed under any circumstance in a particular case].) A remand for resentencing is therefore required to allow the trial court to exercise its discretion to impose a sentence for count 4 in accordance with section 11374.

On remand, the trial court may reconsider "all components" of defendant's sentence, including whether section 654 applies to counts 3 and 4. (*People v. Codinha* (2023) 92 Cal.App.5th 976, 994.)

*IV*

*Medical Costs and Fees*

The trial court ordered defendant to pay "medical costs or medical fees while incarcerated." Defendant contends, and the People agree, that the trial court was not authorized to require him to pay his medical costs or fees while in prison.

Both parties cite to Penal Code section 5007.5, which prohibits the Secretary of the Department of Corrections and Rehabilitation (CDCR) from charging a "fee for an inmate-initiated medical visit of an inmate confined in the state prison."

We note that the probation report cited section 4011 as the authority for the medical costs order, but that section applies only to medical care of prisoners while in a city or county jail and not costs incurred during state level incarceration.

In any event, section 5007.5 has limited applicability to the trial court's order here. The statute is narrow insofar as it prohibits CDCR from charging a fee for inmate-initiated medical visits in prison. The statute does not prohibit requiring a prisoner to pay any other medical fees or bills that may be charged to him while incarcerated. Therefore, the parties are incorrect that this statute renders the entire order unauthorized or erroneous. Instead, the statute prohibits the trial court from ordering defendant to pay any fees imposed by CDCR for medical visits that he initiates in prison.

On remand, the trial court is instructed to clarify its order requiring defendant to pay his medical costs and fees in accordance with Penal Code section 5007.5.

DISPOSITION

Defendant's sentence is vacated, and the matter is remanded for a full resentencing. On remand, the trial court is instructed to clarify its medical bills and fees

8

order in accordance with Penal Code section 5007.5.  The judgment is otherwise affirmed.

/s/
HULL, Acting P. J.

We concur:

/s/
ROBIE, J.

/s/
BOULWARE EURIE, J.